IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Kail Marie, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-cv-2518-DDC-TJJ |
| ) | |
| Robert Moser, M.D., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MEMORANDUM OF LAW REGARDING ABSTENTION

The Court requested briefing on possible abstention issues in this case, presumably because of the filing and pendency of the mandamus petition before the Kansas Supreme Court. *See State of Kansas ex rel. Schmidt v. Moriarty*, Case No. 112,590 (Kan., filed Oct. 10, 2014), available at http://www.kscourts.org/State_v_Moriarty/112590.pdf.[1] The Court specifically mentioned abstention under *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941) (*Pullman* abstention) and under *Younger v. Harris*, 401 U.S. 37 (1971) (*Younger* abstention). Plaintiffs brief will treat those two abstention doctrines as well as abstention under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (*Colorado River*).

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

---

[1] The Kansas Supreme Court noted, in its Order dated October 10, 2014, that "the Attorney General's right to relief on the merits is not clear, nor is it apparent per the Rule 'that no valid defense to the petition can be offered,' given the Tenth Circuit's decisions in *Kitchen v. Herbert*, 755 F.3d 1193, 1199 (10th Cir.), *cert. denied*, 83 U.S.L.W. 3102 (U.S. Oct. 6, 2014), and *Bishop v. Smith*, 760 F.3d 1070 (10th Cir.), *cert denied*, 83 U.S.L.W. 3102 (U.S. Oct. 6, 2014)." *See* Order, available at http://www.kscourts.org/State_v_Moriarty/112590.pdf.

"[T]here is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373 (1989) (hereafter "*NOPSI*").  Abstention under any doctrine is the exception, not the rule. *See Colorado River*, 424 U.S. at 813; *NOPSI*, 491 U.S. at 368.

Accordingly, every federal court in the past year that has been asked to abstain from adjudicating the constitutionality of state laws excluding same-sex couples from marriage has rejected the request, *See Guzzo v. Mead*, 2:14-cv-0020, ECF #44, at 7-9 (D. Wyo. Oct. 17, 2014) (rejecting abstention) (copy attached at Doc. 7-1); *Burns v. Hickenlooper*, No. 14–cv–01817–RM–KLM, 2014 WL 3634834, at *5 n.3 (D. Colo., July 23, 2014); *Wolf v. Walker*, No. 14–cv–64–bbc, 2014 WL 1207514 (W.D. Wis. Mar. 24, 2014); *McGee v. Cole*, 993 F. Supp. 2d 639, 646 (S.D. W. Va. 2014). Plaintiffs respectfully ask this Court to do the same.

*Pullman* Abstention

Under *Pullman*, "federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided. . . . *Pullman* abstention is limited to uncertain questions of state law because '[a]bstention from the exercise of federal jurisdiction is the exception, not the rule.'" *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 236 (1984), quoting from *Colorado River*, 424 U.S. at 813.  "Where there is no ambiguity in the state statute, the federal court should not abstain but should proceed to decide the federal constitutional claim.  We would negate the history of the enlargement of the jurisdiction of the federal district courts, if we held the federal court should

2

stay its hand and not decide the question before the state courts decided it." *Wisconsin v. Constantineau*, 400 US 433, 439 (1971) (citation and footnote omitted).

The Tenth Circuit has held that, "[u]nder *Pullman* abstention, a district court should abstain if three conditions are satisfied: (1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law by the district court would hinder important state law policies." *Lehman v. City of Louisville*, 967 F. 2d 1474, 1478 (10th Cir. 1992). The fact that a case pending in state court could have some impact on the issues pending in federal court is insufficient to trigger *Pullman* abstention. *Petrella v. Brownback*, 980 F. Supp. 2d 1293, 1298-99 (D. Kan. 2013) (rejecting *Pullman* abstention where case involved "no unsettled question of state law that should first be addressed by the state courts").

In this case, the meaning of the challenged state constitutional and statutory provisions is absolutely clear. The challenged laws unequivocally prohibit plaintiffs and other same-sex couples from obtaining a marriage license and marrying a person of the same sex in Kansas. *See* Kan. Const. art. 15, §16; Kan. Stat. Ann. §§ 23-2501 and 23-2508. Thus, because this case involves no uncertain issue of state law, *Pullman* abstention would be inappropriate. *Lehman*, 967 F.2d at 1478.

*Younger* Abstention

A unanimous Supreme Court in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, (2013), recently declared in emphatic terms that *Younger* abstention is strictly limited to criminal

or quasi-criminal contexts and does not extend to "all parallel state and federal proceedings" involving an "important state interest." *Id.* at 593.

In *Younger*, plaintiff asked a federal court to enjoin enforcement of the allegedly unconstitutional California Criminal Syndicalism Act despite the fact that plaintiff was then a defendant in a state court prosecution under that law. The Court held that lower federal courts should decline to enjoin state criminal prosecutions absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. A few years later, the Court extended *Younger* to bar federal injunctive relief in "a state [civil] proceeding which in important respects is more akin to a criminal prosecution than are most civil cases." *Huffman v. Pursue, Ltd.*, 420 US 592, 604 (1975).[2] Finally, the Court held that *Younger* abstention applies to "civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *NOPSI*, 491 U.S. at 368 (citing *Juidice v. Vail*, 430 U.S. 327, 336, n. 12 (1977) (civil contempt order), and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (state appeal bond requirement)). In *NOPSI*, however, the Court made clear that "only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States" under *Younger*. 491 U.S. at 368. In *Sprint Communications, Inc. v. Jacobs*, moreover, the Court expressly held that "*Younger* extends to the three 'exceptional circumstances' identified in *NOPSI*, but no further." 134 S. Ct. at 594.

---

[2] Cases falling into this category include state bar disciplinary proceedings and other state law civil enforcement proceedings. *See NOPSI*, 134 S. Ct. at 592 (collecting cases).

4

Plaintiffs' case in this Court does not present any of "the three 'exceptional circumstances' identified in *NOPSI*." Specifically, there is no pending criminal or quasi-criminal civil enforcement case pending in state court; nor are plaintiffs seeking to enjoin any such state court case. Furthermore, the present federal case does not purport to interfere with any "civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions," such as a judicial contempt order or a state appeal bond requirement. *NOPSI*, 491 U.S. at 368.

*Sprint* makes crystal clear that because this case does not fall within one of three exceptional categories in *NOPSI*, abstention is not permissible.

<u>*Colorado River* Doctrine</u>

The Tenth Circuit has said "the *Colorado River* Doctrine springs from the desire for judicial economy, rather than from constitutional concerns about federal-state comity." *Rienhardt v. Kelly*, 164 F.3d 1296, 1303 (10th Cir. 1999). *Colorado River* presented the Court with a case involving a federal suit to determine water rights along the Colorado River. While the federal case was being litigated, the parties were also litigating a parallel case in a state court. After concluding that "this case falls within none of the abstention categories," including *Pullman* and *Younger* abstention, the Court considered whether "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." 424 U.S. at 817. Ultimately, the Court concluded that "the circumstances permitting the dismissal of a federal suit due to the presence

5

of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id*. at 818.  As part of the *Colorado River* analysis, the Court mentioned the following factors: the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums; and it noted that "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise of jurisdiction is required.  Only the clearest of justifications will warrant dismissal." 424 U.S. at 818-820 (citations omitted).

Here, there is no judicial economy concern because binding Tenth Circuit precedent dictates the result in this case.  Moreover, concerns about interfering with state proceedings are dealt with under *Younger* abstention, which – as noted above – does not apply in this case.  In fact, by applying controlling circuit precedent and declaring the challenged provisions of the Kansas Constitution and statutes unconstitutional, the Court here would be rendering assistance to the Kansas Supreme Court, which will not have to address whether federal precedent from the Tenth Circuit is binding in state courts.  This court's straightforward application of binding circuit precedent advances judicial economy instead of hindering it.

In addition, the mandamus case and this lawsuit are not parallel proceedings for purposes of *Colorado River* because the cases involve different parties and different claims.[3]  The

---

[3] "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir.1994).

mandamus case is between two governmental officials, the Kansas Attorney General as petitioner against the Chief Judge of the Johnson County District Court and the clerk of that court as respondents. The plaintiffs here are not involved in the mandamus case in any way. Moreover, the mandamus case aims to prohibit the respondents from accepting applications and issuing marriage licenses in defiance of the Kansas laws that clearly limit marriage to "one man and one woman." Not only does the mandamus case have nothing to do with issuance of marriage licenses in Douglas and Sedgwick Counties – where plaintiffs seek to obtain licenses – but the state forum offers no protection for plaintiffs' rights. *Cf. Wolf*, 2014 WL 1207514, at *5 ("Plaintiffs have the right under 42 U.S.C. § 1983 to bring a lawsuit to vindicate their own constitutional rights.").

Finally, the fact that this case presents a federal constitutional question dictated by federal precedent strongly weighs in favor of exercising jurisdiction. *See Moses H. Cone Mem. Hosp. v. Mercury Const.*, 460 U.S. 1, 26 (1983) ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender" of jurisdiction under *Colorado River*); *Burns*, 2014 WL 3634834, at *5 n.3 ("This Court declines to abstain from deciding, and thus to defer to the state, matters of federal constitutional law.").

Conclusion

None of the abstention doctrines apply to this case. As the Supreme Court noted only last term,

> Federal courts, it was early and famously said, have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821). Jurisdiction existing, this Court has cautioned, a federal

7

> court's "obligation" to hear and decide a case is "virtually unflagging." Parallel state-court proceedings do not detract from that obligation.

*Sprint Communications*, 134 S. Ct. at 591-92 (citation omitted).  Given the fast pace of developments in similar cases around the country since the Supreme Court denied *certiorari* in *Kitchen*, *Bishop*, and the other marriage equality cases on October 6, 2014, plaintiffs respectfully urge the Court to exercise its jurisdiction over this case and to enter a preliminary injunction against the challenged Kansas laws prohibiting same-sex marriage consistent with the controlling circuit precedent.

Against the backdrop of binding circuit precedent, abstention would cause extreme prejudice to Plaintiffs by delaying them from vindicating constitutional rights that have already been clearly established and declared by the Tenth Circuit.  In the two weeks since the Supreme Court denied petitions for certiorari in other marriage equality cases, the Ninth Circuit has joined the Fourth, Seventh, and Tenth Circuits in holding that state laws excluding same-sex couples from marrying violate the Fourteenth Amendment. *Latta v. Otter*, Nos. 14–35420, 14–35421, 12–17668, 2014 WL 4977682 (9th Cir. Oct. 7, 2014).  Every district court within those four circuits has rejected attempts by other states to argue that the circuit's binding precedent is somehow distinguishable from the marriage bans at issue in their own states.  *See See Guzzo v. Mead*, 2:14-cv-0020, ECF #44, at 7-9 (D. Wyo. Oct. 17, 2014) (Wyoming); *Majors v. Horne*, --- F. Supp. 3d ----, 2014 WL 5286743 (D. Ariz. Oct 17, 2014) (Arizona); *Fisher-Borne v. Smith*, --- F.Supp.3d ----, 2014 WL 5138922 (M.D.N.C., Oct. 14, 2014) (North Carolina); *Hamby v. Parnell*, --- F.Supp.3d ----, 2014 WL 5089399 (D. Alaska, Oct. 12, 2014) (Alaska); *General Synod of the United Church of Christ v. Resinger*, --- F. Supp. 3d ----, 2014 WL 5092288,

(W.D.N.C. Oct. 10, 2014). Similarly, the Supreme Court has rejected all requests by states for a stay of lower court injunctions. *See Otter v. Latta*, No. 14A374 (U.S. Oct 10, 2014) (denying stay request from Idaho); *Parnell v. Hamby*, No. 14A413 (U.S. Oct 17, 2014) (denying stay request from Alaska).

Plaintiffs respectfully request that this Court rule now to bring Kansas into line with binding circuit precedent. Plaintiffs should not be prevented from vindicating their Fourteenth Amendment rights while Kansas state officials engage in a futile exercise to delay the inevitable.

Respectfully submitted,

/s/ Stephen Douglas Bonney
Stephen Douglas Bonney, KS Bar No. 12322
ACLU Foundation of Kansas
3601 Main Street
Kansas City, MO 64111
Tel. (816) 994-3311
Fax: (816) 756-0136
dbonney@aclukansas.org

Mark P. Johnson, KS Bar #22289
Dentons US, LLP
4520 Main Street
Suite 1100
Kansas City, MO 64111
816/460-2400
816/531-7545 (fax)
Mark.johnson@dentons.com

Joshua A. Block [motion for pro hac vice pending]
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2593
jblock@aclu.org
ATTORNEYS FOR PLAINTIFFS

Certificate of Service

       I certify that, on October 18, 2014, the foregoing document was served by e-mail on the following: Jeffrey A. Chanay, Chief Deputy Attorney General for the State of Kansas, jeff.chanay@ksag.org; Steve R. Fabert, Asst. Attorney General, Steve.Fabert@ag.ks.gov, attorney for Defendant Moser, and M.J. Willoughby, Asst. Attorney General, MJ.Willoughby@ag.ks.gov, attorney for defendants Hamilton and Lumbreras.

                                                              /s/ Stephen Douglas Bonney