IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KAIL MARIE et al.,

    Plaintiffs,

v.

ROBERT MOSER, M.D. et al.,

    Defendants.

Case No. 14-cv-02518-DDC/TJJ

**MEMORANDUM AND ORDER**

Phillip and Sandra Unruh have filed a Motion to Intervene as defendants in this case under Fed. R. Civ. P. 24(a) and (b) (Doc. 13). After carefully considering their motion the Court denies the Unruhs' Motion to Intervene, but invites them to file an amicus brief setting forth any arguments they would like the Court to consider.

**Analysis**

The Unruhs are an opposite-sex married couple residing in Kansas. Doc. 13 at ¶ 2. They argue they have a property right in their marital status, which the claims in this case put at risk. Doc. 13 at ¶ 8, 11, 13(b). Therefore, they claim, due process requires that they have an opportunity to participate in this litigation because the Court's decision about the constitutionality of Kansas' same-sex marriage ban could diminish their marital status and hence, their property right. Doc. 13 at ¶ 19.

  A. **Intervention of Right**

Fed. R. Civ. P. 24 recognizes two types of intervention: intervention as a matter of right and permissive intervention. Intervention of right under Fed. R. Civ. P. 24(a) is mandatory when a federal statute gives the applicant for intervention an unconditional right to intervene, or when

1

the applicant satisfies each of four conditions: (1) the applicant has timely moved for intervention; (2) the applicant has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant is situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest is not represented adequately by existing parties. *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993).

The Unruhs have identified no federal statute giving them an unconditional right to intervene in this case and the Court has identified no such statute. In addition, the Unruhs have failed to satisfy the four factors established by Fed. R. Civ. P. 24(a)(2). Specifically, the Court doubts whether plaintiffs can show that their marriage constitutes a protectable property interest under the Fifth and Fourteenth Amendments of the United States Constitution or that this case's disposition will impair their ability to protect that interest. *See Kitchen v. Herbert*, 755 F.3d 1193, 1223 (10th Cir. 2014) (rejecting Utah's argument that "state recognition of love and commitment between same-sex couples will alter the most intimate and personal decisions of opposite-sex couples"). But the Court need not decide those questions, because the Court concludes that existing defendants adequately represent the Unruhs' interests and denies their request for intervention of right on this basis. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) ("Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied." (citation omitted)). The Kansas Attorney General's Office represents the defendants in this case. Its ultimate objective in this litigation is identical to the Unruhs'—defeating the challenges to Kansas' constitutional and statutory bans against same-sex marriage.

A shared ultimate objective between an existing party and an applicant for intervention triggers a presumption of adequate representation. *Hodes & Nauser, MDs, P.A. v. Moser*, No. 2:11-CV-02365-CM-KMH, 2011 WL 4553061, at *3 (D. Kan. Sept. 29, 2011).  An applicant may defeat this presumption only by making a "compelling showing" to the contrary. *Perry*, 587 F.3d at 952 (citation omitted).  On this question, the Unruhs assert that "an injustice would be done by leaving out the very individuals whose marriage is affected by the marriage laws and decisions regarding their constitutionality." Doc. 13 at ¶ 19.  But the Unruhs do not identify any reasons the Kansas Attorney General's Office cannot or will not represent those interests adequately.  The Court concludes, therefore, that the Unruhs have failed to make a "compelling showing" sufficient to overcome the presumption of adequate representation.  Accordingly, the Court denies the Unruhs' request for intervention as a matter of right under the first alternative of Rule 24.

    **B.  Permissive Intervention**

The Unruhs also seek permissive intervention.  Under Fed. R. Civ. P. 24(b), the Court, in its discretion, may permit an applicant to intervene if the applicant "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B); *Arney v. Finney,* 967 F.2d 418, 421 (10th Cir. 1992) ("Permissive intervention is a matter within the sound discretion of the district court." (quotations omitted)).

The Court, in its discretion, declines permissive intervention here because it does not believe that allowing the Unruhs to intervene is necessary to give the Court the benefit of their arguments.  Instead, the Court will permit the Unruhs to file an amicus brief setting forth any arguments they wish to advance.  This process will afford the Court the benefit of the Unruhs'

arguments without burdening them with the procedural responsibilities that come with formal-party status.

**IT IS THEREFORE ORDERED BY THE COURT THAT** that the Unruhs' Motion to Intervene under Fed. R. Civ. P. 24(a) and (b) (Doc. 13) is denied.  The parties in this case will complete briefing on plaintiffs' Motion for a Preliminary Injunction by 5:00 p.m. on October 27, 2014.  If the Unruhs wish to file an amicus brief with the Court, they must do so no later than 5:00 p.m. on October, 28, 2014.  The amicus brief shall conform to D. Kan. Rule 7.6 (copy attached).

Finally, the Court advises the Unruhs that it already has reviewed the merits-based arguments asserted in their Motion to Intervene (Doc 13).  Their amicus brief, should the Unruhs decide to file one, need not repeat those arguments.

**IT IS SO ORDERED.**

**Dated this 24th day of October, 2014, at Topeka, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**