IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAIL MARIE et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ROBERT MOSER, M.D. et al.,<br><br>　　　　Defendants. | Case No. 14-cv-02518-DDC/TJJ |

## MEMORANDUM AND ORDER

Westboro Baptist Church ("WBC") has filed a Motion to Intervene a defendant in this case (Doc. 19). After considering the arguments contained in its motion, the Court denies WBC's Motion to Intervene for the reasons set forth below. The Court will permit WBC to file an amicus brief asserting any arguments it would like the Court to consider.

## Analysis

WBC is an independent church located in Topeka, Kansas. For nearly 25 years, WBC members have engaged in picketing, protesting, and other visible forms of public testimony against what they consider to be the "proud ruinous sins of this generation," including homosexuality. WBC asserts an interest in preventing the State of Kansas from affording respect, dignity and social approval to same-sex marriages. It also claims an interest in preventing the state of Kansas from requiring it to participate in and honor same-sex marriages. Accordingly, WBC seeks to intervene as a defendant in this lawsuit under Fed. R. Civ. P. 24(a) and (b).

1

A. **Intervention of Right**

Rule 24 recognizes two types of intervention: intervention as a matter of right and permissive intervention. Intervention of right under Rule 24(a) is mandatory when a federal statute gives the applicant for intervention an unconditional right to intervene, or when the applicant satisfies each of four conditions: (1) the applicant has timely moved for intervention; (2) the applicant has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant is situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest is not represented adequately by existing parties. *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993). "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Because the Court concludes that WBC has not carried its burden to show that the current defendants will not represent its interest adequately, the Court denies WBC motion to intervene as a matter of right without reaching the remaining factors.

The Kansas Attorney General's Office represents both the Clerk defendants and Secretary Moser. The defendants cannot adequately represent WBC, it argues, because the Attorney General's Office is unable and unwilling to advance the religiously based arguments WBC seeks to put before the Court. WBC claims that none of the defendants' briefing includes any religious arguments, and that the Constitution prohibits the Kansas Attorney General's Office from asserting religious-based arguments to support the law. The Court agrees with the premise of WBC's argument that the existing defendants will not represent WBC's religious

viewpoint.  But that conclusion does not also require the Court to conclude WBC interest are not adequately represented by the existing defendants.

WBC has not identified any differences between the defendant's ultimate objective in the litigation and its own.  Nor can the Court identify any—both seek to uphold Kansas' constitutional and statutory prohibitions against same-sex marriage.  A shared ultimate objective between an existing party and an applicant for intervention triggers a presumption of adequate representation.  *Hodes & Nauser, MDs, P.A. v. Moser*, No. 2:11-CV-02365-CM-KMH, 2011 WL 4553061, at *3 (D. Kan. Sept. 29, 2011).  An applicant may defeat this presumption only by making a "compelling showing" to the contrary.  *Perry*, 587 F.3d at 952 (citation omitted). WBC asserts a number of reasons why the Kansas Attorney General's Office cannot or will not adequately represent their interest.  The Court has considered each of these arguments, and concludes that they fail to make the compelling showing required to overcome the presumption of adequate representation.

First, WBC claims that defendants will not represent its interest because of past disagreements between WBC and the Kansas Attorney General.  WBC cites negative comments Attorney General Derek Schmidt made about WBC in the press and when he testified before the state legislature about a proposed funeral picketing law.  However, "[a]n earlier adverse relationship with the government does not automatically make for a present adverse relationship."  *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1206 (10th Cir. 2007) (citing *Maine v. Director, U.S. Fish & Wildlife Service,* 262 F.3d 13, 20 (1st Cir. 2001).  That WBC and the Kansas Attorney General's office have had rifts in the past does not automatically mean that their interests will differ in this particular litigation.

To determine whether WBC's interests align with the existing defendants' interests, the Court must decipher the precise interests that WBC claims are at risk in this case. WBC asserts that their own legal interests are at stake in this case for two reasons: (1) it has an interest in protecting itself from the "waves of litigation that have ensued where same sex marriage is recognized, with homosexual activists trying to force others to participate, from bakers, to florist, to clergy;" and (2) it has a protectable interest in upholding Kansas' same-sex marriage ban because of its public advocacy against homosexuality.

WBC's concern about having to participate in same-sex marriages is too speculative to support intervention as a matter of right. "An applicant for intervention must demonstrate an interest that will be adversely impacted and that is not wholly remote and speculative." *Hodes & Nauser,* 2011 WL 4553061, at *1. At this point, there is no evidence that Kansas officials would require WBC to participate in same-sex marriages or otherwise require WBC to tolerate same-sex marriages in their ministry. Permitting WBC to intervene to litigate a non-existent controversy only would clutter and confuse the issues needlessly. Should Kansas actually enforce or credibly threaten to enforce a requirement that WBC conduct and accept same-sex marriages, WBC is free to file a separate lawsuit seeking to protect its right to religious expression.

It is a closer call whether WBC's public advocacy against homosexuality creates a protectable interest in upholding the ban against same-sex marriage. In general, "[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (upholding intervention as of right by conservation group that had participated in the listing of endangered species in suit alleging violations of the Endangered Species). On one

4

hand, WBC has engaged in extensive public advocacy against recognition and acceptance of homosexuality. However, unlike the conservation group in *Babbit*, WBC does not allege that it was active in creating, implementing or campaigning for the specific Kansas laws challenged in this case. WBC's interest in preserving Kansas' ban against same-sex marriage is therefore indistinguishable from any other Kansas voters who supported the laws.

WBC cites *New Mexico Off-Highway Vehicle Alliance v. United States Forest Serv. ("NMOHVA")*, 540 F. App'x 877, 878 (10th Cir. 2013), where the Tenth Circuit vacated an order denying intervention by two environmental interest groups. The case involved a challenge to the United State Forest Service's final agency action implementing a Travel Management Plan for the Santa Fe National Forest. *Id.* at 879. The district court denied two environmental groups' motions to intervene because it concluded that the Forest Service would represent the groups' interests adequately. The Tenth Circuit disagreed and allowed to the groups to intervene. The court identified three factors that favored intervention: (1) the environmental groups has already fought aspects of the Forest Service's environmental impact statement in an administrative proceeding; (2) there was uncertainty about what a modified plan would entail if the district court enjoined the original Travel Management Plan; and (3) the USDA had not given any indication that it would represent the environmental groups' interest. *Id.* at 881-82.

As discussed above, WBC does not allege that it had any role in shaping or implementing Kansas' same-sex marriage ban, apart from its general advocacy against homosexuality. Moreover, in *NMOHVA*, there existed the possibility that the district court would enjoin or modify the Travel Management Plan only in part. *Id.* at 881-82. Here, there is not a continuum of possible outcomes along which WBC's interest and the existing defendants' interest may diverge. Rather there are only two possible outcomes: either the Court permits Kansas to

continue enforcing its same-sex marriage ban, or the Court enjoins Kansas from enforcing the ban. WBC and the existing defendants both seek the former result.

Finally, counsel from the Kansas Attorney General's Office have vigorously defended the challenged laws at the motion hearing, and have represented that they will continue to do so. After this Court granted a plaintiffs' motion for a preliminary injunction, defendants promptly requested en banc review of the Order before the Tenth Circuit Court of Appeals. Doc. 30. Significantly, the Kansas Attorney general is obligated by statute to defend Kansas laws when they are challenged as unconstitutional. K.S.A. § 75-702. Thus, in contrast to the situation *NMOHVA*, there is no reason to believe that the interest of the existing defendants and the interest of WBC in upholding the Kansas same-sex marriage ban will diverge.

In sum, the differences in interests that WBC identifies only amount to differences in *arguments* that WBC would like to assert. This is an insufficient basis to conclude WBC's interests are not adequately represented by the existing defendants. An applicant for intervention by a party who wishes only to assert different arguments than the government can do so just as effectively by participating as an amicus curiae. *San Juan Cnty.*, 503 F.3d at 1206 (citing *Maine v. Director, U.S. Fish & Wildlife Service,* 262 F.3d 13, 18-20 (1st Cir. 2001) (affirming denial of intervention where prospective intervenors would present an argument that the government was highly unlikely to make because they could present the arguments in capacity of amicus curiae). The Court, therefore, denies WBC's motion for intervention of right.

### B. Permissive Intervention

WBC also seeks permissive intervention. Under Fed. R. Civ. P. 24(b), the Court, in its discretion, may permit an applicant to intervene if the applicant "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a

common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B); *Arney v. Finney,* 967 F.2d 418, 421 (10th Cir. 1992) ("Permissive intervention is a matter within the sound discretion of the district court." (quotations omitted)).

The Court, in its discretion, declines to grant permissive intervention here because allowing WBC to intervene with full-party status would clutter the litigation without providing any compensating benefit to the Court or the parties.  WBC can make their arguments to the Court just as effectively by filing an amicus brief.  This method will permit WBC to place its arguments before the Court while avoiding any procedural complications that might result if the Court granted it full-party status.

**IT IS THEREFORE ORDERED BY THE COURT THAT** that WBC's Motion to Intervene under Fed. R. Civ. P. 24(a) and (b) is denied (Doc. 19).  The Court also denies WBC's request for oral argument on their Motion to Intervene because it finds that WBC skillfully and comprehensively presented its argument in its motion papers.  If WBC wishes to file an amicus brief with the Court on any future motions, it must do so by filing them on defendants' due date, as it applies to that motion.  The amicus brief shall conform to D. Kan. Rule 7.6.

The Court advises WBC that it already has reviewed the merits-based arguments asserted in their Motion to Intervene and the attached Answer. (Docs. 19, 19-1).  Their future amicus filings, should WBC decide to file them, need not repeat those arguments.

**IT IS SO ORDERED.**

**Dated this 7th day of November, 2014, at Kansas City, Kansas.**

                s/ Daniel D. Crabtree      
                **Daniel D. Crabtree**
                **United States District Judge**