#### IN THE UNITED STATED DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAIL MARIE and MICHELLE L. BROWN, and KERRY WILKS, Ph.D., and DONNA DITRANI, JAMES E. PETERS and GARY A. MOHRMAN; CARRIE L. FOWLER and SARAH C. BRAUN; and DARCI JO BOHNENBLUST and JOLEEN M. HICKMAN, <br>　　　　　　　Plaintiffs, <br> v. <br><br> ROBERT MOSER, M.D., in his official capacity as Secretary of the Kansas Department of Health and Environment and DOUGLAS A. HAMILTON, in his official Capacity as Clerk of the District Court for the 7th Judicial District (Douglas county), and BERNIE LUMBRERAS, in her official capacity as Clerk of the District Court for the 18th Judicial District (Sedgwick County), NICK JORDAN, in his official capacity as Secretary of the Kansas Department of Revenue, LISA KASPAR, in her official capacity as Director of the Kansas Department of Revenue's Division of Vehicles, and MIKE MICHAEL, in his official capacity as Director of the State Employee Health Plan, <br>　　　　　　　Defendants. | Case No. 14-CV-2518-DDC-TJJ |

#### MOTION OF DEFENDANT MOSER TO
#### DISMISS AMENDED COMPLAINT

Defendant Robert Moser, M.D. hereby moves for dismissal of all claims against him based on lack of subject matter jurisdiction, including Eleventh Amendment immunity, lack of an Article III case or controversy, and mootness.

1. Dr. Moser has resigned his position as Secretary of the Kansas Department of Health and Environment, effective November 30, 2014. Because he no longer holds any official position with the agency that supplies marriage-related forms to Kansas

1

district courts, the relief sought against him is unavailable as a matter of law.

2. New gender-neutral forms have already been distributed by KDHE to Kansas district courts for use by same-sex marriage applicants. Prospective injunctive relief is therefore unavailable against Dr. Moser's successor.

3. For the reasons set forth in the motion to dismiss filed on behalf of the defendant court clerks, the plaintiffs who seek relief against Dr. Moser lack Article III standing to litigate the issues they raise. These plaintiffs have not taken advantage of their opportunity to marry one another, despite the fact that the courts where they applied for marriage licenses before filing suit are now accepting same-sex applications. Any supposed controversy between these plaintiffs and any of the defendants is therefore a sham. If these plaintiffs have taken advantage of the availability of the marriage process in other counties, then their claims have become moot because they are no longer unmarried persons.

4. Attached hereto are affidavits from the defendant court clerks, Dr. Moser, and Deputy Chief Counsel Tim Keck setting forth the factual basis for the above defenses.

## ARGUMENT AND AUTHORITIES

**1. ELEVENTH AMENDMENT IMMUNITY**

Federal courts are courts of limited jurisdiction. Lack of jurisdiction is presumed. The burden of establishing federal court jurisdiction falls on the party asserting that jurisdiction exists. *See Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Invocation of the remedy of declaratory judgment does not itself provide a basis for federal jurisdiction. *See Cardtoons, L.C. v. Major League Baseball*

***Players Ass'n***, 95 F.3d 959, 964 (10th Cir.1996).

A factual attack on the Court's jurisdiction is appropriately made in the form of a motion to dismiss, even though matters outside the complaint are relied upon. When a factual attack is made against the Court's subject matter jurisdiction, the Court is not required to assume the truth of the complaint's factual allegations. *See **Rural Water Dist. No. 2 v. City of Glenpool***, 698 F.3d 1270, 1272 (10th Cir. 2012).

The Eleventh Amendment bars federal court lawsuits against a state or its officials acting within their official capacities, with a narrow exception allowing for prospective injunctive relief against individual officials for their ongoing violations of federal rights. *See **Ex parte Young,*** 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). No such prospective injunctive relief can be obtained against Dr. Moser. When a claim for injunctive relief is brought against a state official who is not involved in the enforcement of an allegedly unconstitutional statute, Eleventh Amendment immunity applies and requires dismissal of the claim. *See **Peterson v. Martinez***, 707 F.3d 1197, 1205-1206 (10th Cir. 2013).

**2. NO CASE OR CONTROVERSY**

Dr. Moser no longer has any official capacity relating to the preparation and distribution of Kansas marriage forms. If plaintiffs seek to amend to sue him in his individual capacity for past acts, he will be protected by qualified immunity. *See **Guttman v. Khalsa***, 669 F.3d 1101 (10th Cir. 2012). Declaratory relief is not appropriate against him in these proceedings, because plaintiffs have repeatedly claimed (and the Court has apparently agreed) that existing precedents of the Tenth Circuit Court of Appeals control the outcome. "As a general rule, where a law has been declared unconstitutional by a controlling court, pending requests for identical declaratory relief become moot." *See **Bishop v. U.S. ex rel. Holder***, 962 F. Supp. 2d 1252, 1269 (N.D. Okla.)

*aff'd sub nom*. **Bishop v. Smith**, 760 F.3d 1070 (10th Cir. 2014) cert. denied, 135 S. Ct. 271 (2014)

The sole claims now asserted against Dr. Moser are made by the original Plaintiffs, Marie, Brown, Wilks and DiTrani. The allegations in the Complaint that they are being prevented from seeking or receiving a license by these Clerks is demonstrably false, and is an apparent attempt to create federal jurisdiction where none exists. The claim that any Kansas district court clerk is acting under orders from Dr. Moser or any other KDHE executive director in deciding whether to issue a marriage license to same-sex applicants is also a demonstrably incorrect statement of Kansas law.

### 3. MOOTNESS

No Kansas statute requires the use of marriage-related forms that make explicit reference to the sex of the applicants for a marriage license. Dr. Moser clearly had the discretion under Kansas law to distribute gender-neutral forms, and he exercised that discretion shortly before he left office. There is no reason to assume that his successors will recall the new forms. To the extent that Dr. Moser was ever a proper party (a dubious conclusion at best) he certainly is not now, nor would his successor be a proper party. Whatever supposed controversy may have existed between plaintiffs and Dr. Moser is therefore undeniably moot.

Plaintiffs are not allowed to continue litigating a moot case just because they seek declaratory relief:

> "[W]hat makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff." *Rio Grande Silvery Minnow*, 601 F.3d at 1109–10. The "crucial question is whether granting a present determination of the issues offered will have some effect in the real world." Id. at 1110 (internal citation omitted); *see also Rezaq*, 677 F.3d at 1008 ("[I]n the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant."); *Wirsching*, 360 F.3d at 1196 (same).

\*   \*   \*

> "[T]he possibility of recovering attorney fees or costs is not a sufficient reason to enter judgment in an otherwise moot case. *See R.M. Inv. Co. v. U.S. Forest Serv.*, 511 F.3d 1103, 1108 (10th Cir.2007) (explaining that a claim of entitlement to attorney fees does not preserve a moot cause of action); *In re West. Pac. Airlines, Inc.*, 181 F.3d 1191, 1196 (10th Cir.1999) ("Precedent clearly indicates that an interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim.")." *See* **Bishop v. U.S. ex rel. Holder**, 962 F. Supp. 2d 1252, 1269, 1271, (N.D. Okla.) *aff'd sub nom.* **Bishop v. Smith**, 760 F.3d 1070 (10th Cir. 2014) cert. denied, 135 S. Ct. 271 (2014).

As the affidavits submitted by all defendants confirm, there was never any genuine grievance involving Dr. Moser, whose role was not to enforce Kansas marriage laws by preventing district court judges and clerks from accepting applications for same-sex marriages. The Court is not obligated to entertain the fanciful view of Kansas marriage law set forth in the amended complaint when the laws themselves and the persons involved in enforcing them plainly state otherwise.

## CONCLUSION

For all of the above stated reasons Dr. Moser should be dismissed from this litigation for lack of subject matter jurisdiction under the Eleventh Amendment, lack of Article III standing, and mootness of the supposed controversy.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
DEREK SCHMIDT

s/Steve R. Fabert
Steve R. Fabert, #10355
Assistant Attorney General
120 S.W. 10th Avenue
Topeka, Kansas 66612-1597
Tel: (785) 368-8420
Fax: (785) 296-6296
Email:  steve.fabert@ag.ks.gov
*Attorney for Defendant Moser*

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of December, 2014, a true and correct copy of the above and foregoing Answer was filed by electronic means via the Court's electronic filing system which serves a copy upon Plaintiffs' counsel of record, Stephen Douglas Bonney, ACLU Foundation of Kansas, 3601 Main Street, Kansas City, MO 64111 and Mark P. Johnson, Dentons US, LLP, 4520 Main Street, Suite 1100, Kansas City, MO 64111, dbonney@aclukansas.org and Mark.johnson@dentons.com  and Joshua A. Block, American Civil Liberties Foundation, 125 Broad Street, 18th  Floor, New York, NY 100004, jblock@aclu.org.

                                                   s/Steve R. Fabert
                                                   Steve R. Fabert
                                                   *Attorney for Defendant Moser*