IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAIL MARIE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 14-cv-2518 |
| ) | |
| SUSAN MOSIER, M.D., in her official ) | |
| capacity as Secretary of the Kansas Department ) | |
| of Health and Environment, *et al.*, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION AND RESPONSE TO
PLAINTIFFS' ADDITIONAL SUBMISSIONS

In its Memorandum and Order filed on August 10, 2015, the Court held "that the Kansas ban against same-sex marriage . . . violates the due process and equal protection clauses of the Constitution." Doc. 126 at 2. As a partial remedy, the Court granted Plaintiffs' request for a declaratory judgment. *Id.* In considering Plaintiffs' additional request for a permanent injunction, however, the Court took a conservative course because "[o]ur Circuit has explained that whenever a federal court is asked to issue an injunction against government officials, it must exercise its 'remedial jurisdiction' carefully." *Id.* Rather than rule on Plaintiffs' request for permanent injunctive relief immediately the Court "defer[red] . . . the portion of plaintiffs' summary judgment motion seeking injunctive relief" and set forth a schedule to allow the parties to file supplemental evidence regarding whether "the Court's hopefulness about Kansas officials' pledge to comply with *Obergefell* [*v. Hodges*, 135 S. Ct. 2584 (2015)] is misplaced[.]" Doc. 126, p. 32. The Court's schedule permitted "the parties to supplement the undisputed facts material to plaintiffs' motion for summary judgment on their claims for injunctive relief" by filing any evidence on that point by September 15, 2015, and it permitted the non-filing parties to respond within twenty-one (21) days of that date. Doc. 126, p. 42.

On September 14 and 15, Defendants filed six additional affidavits to supplement the Defendants' previous affidavits that had purported to address the State's efforts to comply with *Obergefell*. Docs. 129 & 130.  Essentially, Defendants' six supplemental affidavits posited that Defendants are fully recognizing same-sex marriages in compliance with the Supreme Court's edict in *Obergefell.*

On October 5, twenty-one days after Defendants' first filing of supplemental affidavits, Plaintiffs filed three declarations in response to Defendants' evidence regarding the need for injunctive relief. Doc. 131-1 through 131-3.  Plaintiffs filed those declarations in order to show that the Kansas Department of Health and Environment (KDHE), of which Defendant Mosier is Secretary, is still not complying with *Obergefell* because the KDHE's Office of Vital Statistics is "treating male spouse[s] of women who give birth through assisted reproduction involving the use of donor sperm differently than identically situated female spouse[s]," *Roe v. Patton*, 2015 WL 4476734, *3 (D. Utah July 22, 2015).

On October 12, 2015, Defendants objected to Plaintiffs' additional submissions. *See* Doc. 132.  Specifically, Defendants contend that Plaintiffs' submissions filed on October 5, 2015 (Doc. 131) were "untimely" and that "[t]his Court lacks subject matter jurisdiction to address the new issues plaintiffs seek to raise." Doc. 132, p. 1.

Plaintiffs' October 5 filings were timely and proper in accordance with the schedule set in the Court's August 10 order.  First, Plaintiffs' declarations were timely filed within twenty-one days of the filing of Defendants' supplemental affidavits.  Second, Plaintiffs' declarations properly addressed the issue the Court had left open, *i.e.*, whether the State of Kansas is complying with *Obergefell*, in which the Supreme Court held that state laws are "invalid to the

extent they exclude same-sex couples from civil marriage on the same terms and conditions as opposite-sex couples." 135 S. Ct. at 2605.

Although Plaintiffs filed no evidentiary documents on or before September 15, Defendants filed six new affidavits on or before that date. In those supplemental affidavits, Defendants' witnesses asserted that the State of Kansas, generally, and Defendants – including Defendant Mosier – specifically, are fully complying with *Obergefell*. The declarations that Plaintiffs' filed on October 5 call Defendants' claims of compliance into question by pointing out that the Office of Vital Statistics, which is part of the KDHE and is overseen by Defendant Mosier, is not complying with *Obergefell* because it is not treating same-sex couples equally in the issuance of birth certificates for children born through artificial insemination. Although that specific issue was not one of the factual claims framed by the pleadings in this case, the issue now before the Court is whether a proper remedy includes a broad permanent injunction against enforcement of the Kansas laws that ban recognition of same-sex marriages. At this stage, the evidence regarding KDHE's handling of birth certificates for same-sex couples who conceive and bear children through artificial insemination is relevant and proper because it allows the Court to consider the need for broad injunctive relief.

In their Objection, Defendants also claim that the birth certificate issue is moot because the KDHE has changed the birth certificate forms to provide for a "Father/Parent II" and because "[n]o court order will be required in the future for the processing of birth certificate applications made by same sex couples." Doc. 132, p. 3. In support of those assertions, Defendants cite an "affidavit of Tim Keck, attached." *Id*. But no such affidavit was attached.[1] Instead Defendants attached two copies of a birth certificate form. *See* Doc. 132-2 & 132-3. Since Defendants

---

[1] The ECF notification of Defendants' filing identified Doc. 132-2 as an affidavit of Eugene Leuger rather than an affidavit of Tim Keck.

3

attached no affidavit in support of the claims made regarding the processing of birth certificate requests by same-sex married parents, the Court is left only with the statements of defense counsel in Defendants Objection. "But legal memoranda . . . are not evidence[.]" *British Airways Bd. v. Boeing Co.*, 585 F. 2d 946, 952 (9th Cir. 1978). Thus, nothing in the record contradicts the evidence Plaintiffs filed on October 5, 2015, showing that KDHE is not fully recognizing same-sex marriages as required by *Obergefell*.

In fact, even though the KDHE eventually agreed to place the name of the non-biological mother on the birth certificate of L.D.S., officials with KDHE told David Brown, counsel for petitioners in that case, that KDHE was not changing its policies or procedures with respect to same-sex parents who conceive children through artificial insemination and that same-sex married couples "who conceive children through assistive reproductive technology will need to contact KDHE and make the Office of Vital Statistics aware of their circumstances so that the KDHE can consider each application on an individual basis." Doc. 133-1, Declaration of David J. Brown, ¶ 9.

Defendants further contend that "[t]he *Roe* opinion does not conclude that *Obergefell v. Hodges* prohibits all gender distinctions in laws relating to parentage and/or paternity [and] . . . says nothing about recognition of Canadian marriages, a subject that also was not addressed in *Obergefell v. Hodges*." Doc. 132, p. 4. These arguments show that the Defendants continue to argue details and are not accepting the broad remedial directive the Supreme Court issued in *Obergefell*. Thus, these arguments emphasize why a permanent injunction is necessary and proper in this case. If the Court decides against entering a permanent injunction against enforcement of the Kansas laws banning recognition of same-sex marriages, the same-sex couples in Kansas will be forced to fight these battles piece-meal. The issuance of a clearly

worded permanent injunction would avoid such future litigation and conserve judicial resources while protecting the constitutional rights of Kansans.

For these reasons, Plaintiffs respectfully request that the Court reject Defendants' Objection and that it issue a permanent injunction ordering Defendants to recognize all same-sex marriages on the same basis that the State of Kansas recognizes opposite sex marriages.

Respectfully submitted,

/s/ Stephen Douglas Bonney
Stephen Douglas Bonney, KS Bar No. 12322
ACLU Foundation of Kansas
3601 Main Street
Kansas City, MO 64111
Tel. (816) 994-3311
Fax: (816) 756-0136
dbonney@aclukansas.org

Mark P. Johnson, KS Bar #22289
Dentons US, LLP
4520 Main Street, Suite 1100
Kansas City, MO  64111
816/460-2400
Mark.johnson@dentons.com

Joshua A. Block [admitted pro hac vice]
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2593
jblock@aclu.org

ATTORNEYS FOR PLAINTIFFS

Certificate of Service

I certify that, on October 15, 2015, the foregoing document was served on counsel for all defendants per the Court's ECF system.

/s/ Stephen Douglas Bonney